UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CHURCH & DWIGHT CO., INC.,

Plaintiff,

v.

INDIANA IMPORT, LLC,
SHAKER M. HUSSEIN,
AMEER A. SALAMA (AKA AMIN SALAMA, ALEX SALAMA, AND RAMI SALAMA),

Defendants.

No. 1:25-cv-01395-JPH-MKK

**ORDER ON AGREED PERMANENT INJUNCTION AND STIPULATED JUDGMENT**

Church & Dwight alleges that Defendants are importing, advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling counterfeit condoms in violation of federal and state law. *See* dkt. 1. The parties have reached an agreement to resolve this case. *See* dkt. 74. For the reasons below, the Court approves the agreed permanent injunction and the parties' stipulated judgment.

## I. Background

Church & Dwight owns all right, title, and interest in and to the trademarks TROJAN®, MAGNUM®, THE GOLD STANDARD®, ACCEPT NO SUBSTITUTES®, THE GOLD STANDARD ACCEPT NO SUBSTITUTES®, TROJAN®, ®, and ®, for use in connection with

condoms and related goods and services (collectively, the "TROJAN® Marks"). Dkt. 74 a 2. Church & Dwight currently uses those marks, and has not consented to Defendants' use of the TROJAN® Marks on any products that are not genuine products originating from Church & Dwight or are not authorized by Church & Dwight to be sold in connection with the TROJAN® Marks. *Id.* at 2–4.

Church & Dwight filed this lawsuit seeking damages and an injunction related to Defendants' use of the TROJAN® Marks or confusingly similar marks. Dkt. 1. The parties have entered into a settlement agreement and have agreed to the entry of a stipulated judgment against Defendants, jointly and severally, and in favor of Church & Dwight in the amount of $1,000,000.00, and a permanent injunction. Dkt. 74 at 4.

The proposed permanent injunction provides as follows:

> It is further **ORDERED** that Defendants, their respective subsidiaries, officers, agents, servants, employees, owners, and representatives, and all persons or entities in active concert or participation with any of the foregoing, are hereby permanently enjoined and restrained from:
>
> 1. Making any unauthorized use of the TROJAN® Marks, as depicted on Attachment A to this Permanent Injunction, or any reproduction, counterfeit, copy, or colorable imitation thereof, in connection with the sale of any goods or offering of any services;
> 2. Manufacturing, distributing, advertising, marketing, promoting, offering for sale, selling, importing, exporting, transferring, secreting, moving, concealing, destroying, or otherwise disposing of any goods, wares, or services, including, but not limited to, all condoms or any other goods, with marks or trade dress that look confusingly similar to any of the TROJAN® Marks, as depicted on Attachment A to this Permanent Injunction, or a reproduction, counterfeit, copy, or colorable imitation thereof, as well as any other forms of markings, packaging, labels, wrappers, containers, articles,

products, displays, signs, circulars, kits, literature, materials, receptacles, catalogs, price lists, promotional materials, or websites and the like bearing a reproduction, counterfeit, copy, or colorable imitation of the TROJAN® Marks, as depicted on Attachment A to this Permanent Injunction;

3. Using any mark, trade dress, design, statement, or representation that may be calculated to falsely represent or that has the effect of falsely representing that the services or products of Defendants are in any way sponsored by, originate with, or are associated or approved by Church & Dwight;
4. Falsely representing themselves or their goods or services as affiliated with, connected with, associated with, or approved by Church & Dwight;
5. Advertising, marketing, promoting, offering for sale, selling, importing, exporting, distributing, and/or transferring any goods, wares, or services, including, but not limited to, all condoms or any other goods, with marks or trade dress that look confusingly similar to any of the TROJAN® Marks, as depicted on Attachment A to this Permanent Injunction, or a reproduction, counterfeit, copy, or colorable imitation thereof, through any means whatsoever, including, but not limited to, retail, wholesale, via the Internet, mail order, telephone, or any other method of interstate or intrastate commerce;
6. Doing any other act or thing calculated or likely to cause confusion or mistake in the minds of members of the public, including prospective customers of Church & Dwight, as to the source of the goods offered, distributed, marketed, advertised, or sold by Defendants, or as to whether there is a connection between Church & Dwight and Defendants;
7. Otherwise unfairly competing with Church & Dwight in any way;
8. Forming or causing to be formed any corporation or other entity that engages in the activities referred to in paragraphs (1) through (7) above; and
9. Assisting, aiding, or abetting any other person or entity in engaging in any of the activities referred to in paragraphs (1) through (8) above, including, but not limited to, passing on information to others to allow them to do so.

It is further ordered that:

1. All products, labels, packaging, wrappers, signs, prints, banners, posters, brochures, catalogs, or other advertising, promotional, or marketing materials in Defendants' possession, custody, or control, or in the possession, custody, or control of any of their agents, that feature counterfeit versions of any of the TROJAN® Marks, as depicted on Attachment A to this Permanent Injunction, or

any reproduction, counterfeit, copy, or colorable imitation thereof, or any other goods that may infringe the TROJAN® Marks, as depicted on Attachment A to this Permanent Injunction, be removed and destroyed, at Defendants' cost and expense, along with the means for making the same.

2. Defendants shall file with the Court and serve on counsel for Church & Dwight within thirty (30) days after the filing of this Agreed Permanent Injunction, a report in writing and under oath, setting forth the manner and form in detail by which Defendants have complied with this Order.
3. This injunction shall remain in effect until further notice of this Court.
4. Violation of any of the foregoing provisions shall be punishable by contempt of court and/or other appropriate remedies, and shall entitle Church & Dwight to issue new proceedings and seek statutory damages and attorneys' fees pursuant to 15 U.S.C. § 1117, including an award of Church & Dwight's reasonable attorneys' fees incurred in enforcing this injunction, to which Defendants expressly agree Church & Dwight is entitled.

**ATTACHMENT A**

Church & Dwight's "TROJAN® Marks" are defined as the following marks: TROJAN®, MAGNUM®, THE GOLD STANDARD®, ACCEPT NO SUBSTITUTES®, THE GOLD STANDARD ACCEPT NO SUBSTITUTES®, TROJAN®, ®, and ®.

**II.**
**Analysis**

A consent decree is "a court order that embodies the terms agreed upon by the parties as a compromise to litigation." *United States v. Alshabkhoun*, 277 F.3d 930, 934 (7th Cir. 2002). A "consent decree proposed by the parties must (1) 'spring from and serve to resolve a dispute within the court's subject matter jurisdiction'; (2) 'com[e] within the general scope of the case made by the pleadings'; and (3) 'further the objectives of the law upon which the complaint

was based.'" *Komyatti v. Bayh*, 96 F.3d 955, 960 (7th Cir. 1996) (quoting *Local No. 93, Int'l Ass'n of Firefighters v. City of Cleveland*, 478 U.S. 501, 525 (1986)).

Here, the Court finds that the proposed stipulated judgment satisfies each of the *Local No. 93* factors. First, Church & Dwight's complaint is within the Court's subject matter jurisdiction because the Court has jurisdiction under the Lanham Act. *See* 15 U.S.C. § 1121; 28 U.S.C. § 1338(a). Second, the Consent Judgment's remedies come within the scope of the case. *See* dkt. 1 at 36–39. Third, the stipulated judgment and permanent injunction will further the objectives of the law on which the complaint is based by prohibiting trademark infringement and providing a remedy for the claims raised in the complaint related to the sale of counterfeit products. *See* dkt. 74 at 6–7. For the same reasons, the Court finds that the agreed permanent injunction satisfies Federal Rule of Civil Procedure 65. *See id.*

## III.
## Conclusion

The proposed stipulated judgment is **APPROVED** and the permanent injunction and judgment will issue in separate documents. Dkt. [74].

**SO ORDERED.**

Date: 9/2/2026

James Patrick Hanlon

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel